### In re Tom G. HEATH and Elaine Heath, Debtors.

### No. 02–60597.

United States Bankruptcy Court, S.D. Illinois.

Aug. 19, 2003.

John F. Borden, Lawrenceville, IL, Thomas J. Noonan, Law Offices of Thomas J. Noonan P.C., St. Louis, MO, for creditor.

James Richard Myers, Vandalia, IL, for debtors.

### OPINION

GERALD D. FINES, Chief Judge.

This matter having come before the Court on a Petition for Order Declaring Payment Amount filed by Creditor, Old National Bank, and Objection to Petition for Order Declaring Payment Amount filed by the Debtors; the Court, having heard arguments of counsel and having reviewed the written briefs filed by the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### Findings of Fact

The material facts in this matter are not in serious dispute and are, in pertinent part, as follows:

1. The Debtors' First Amended Chapter 12 Plan of Reorganization, filed on December 8, 2002, was confirmed by way of an Order Confirming Chapter 12 Plan entered by the Court on March 12, 2003.

2. Section 5.02 of the Debtors' First Amended Chapter 12 Plan of Reorganization provided for the treatment of Old National Bank's claim, providing in part as follows:

... The principal and interest due on the Claim as of the Petition Date was $641,817.08. Substantiated late fees and reasonable attorney's fees recoverable under the governing loan documentation shall also be added to this amount to arrive at the Claim Balance. In the event the parties cannot agree as to the amount of the late fees and reasonable attorney's fees to be added to the Claim, the Court shall decide same after notice and hearing. The Claim Balance shall be paid over a thirty year period amortized at an interest rate of 6.83%. The first annual payment of approximately $53,000.00 shall be due on or before March 31, 2003, and subsequent payments shall be made at least annually thereafter.

3. On June 24, 2003, Creditor, Old National Bank, filed its Petition for Order Declaring Payment Amount, asking that the Court enter an order setting the annual payment on its Class 2 claim at $54,024.37. The Debtors filed a written objection to the Bank's petition on July 7, 2003, requesting that the Court declare the annual payment amount to be $50,841.29.

4. The Bank's original claim, as argued at hearing on August 8, 2003, totaled $682,423.55, which amount included the original claim as of the petition date of $641,817.08, plus $32,606.47 in late fees, and $8,000 in attorney's fees.

5. Following the hearing on August 8, 2003, the Bank filed an amended claim, claiming a total balance of $689,337, which reflected its claim of an increase in attorney's fees to the amount of $14,913.45.

6. The Debtors continue to object to the Bank's claim, and suggest that the Bank's claim should be limited to the principal and interest due at the time of the filing of the Debtors' Chapter 12 bankruptcy petition in the amount of $641,817.08.

### Conclusions of Law

A review of the record of Debtors' bankruptcy proceeding, the First Amended Chapter 12 Plan of Reorganization, and

the Order confirmation that Plan, leads the Court to conclude that it is clear that the First Amended Chapter 12 Plan of Reorganization contemplated that there would be late fees and reasonable attorney's fees added to the principal and interest due on the claim of Creditor, Old National Bank, at the time of the Debtors' filing for Chapter 12 relief. The Court also finds that the law governing this matter is clear. As an oversecured creditor, Old National Bank is entitled to recovery of late fees and attorney fees when supported by its loan documentation. Thus, the Debtors' assertion that Old National Bank should have its claim limited to the principal and interest due at the date of filing of the Chapter 12 petition is without merit, and the Debtors' request for sanctions in their Objection to Petition for Order Declaring Payment Amount filed by Old National Bank is not supported in law or in fact.

In considering the request for late fees filed by Old National Bank, the Court finds that the loan documentation supports the request of $32,606.47. This amount is based on the clear language of the loan documentation and on the amounts of payments which were missed by the Debtors prior to filing for relief under Chapter 12. As an oversecured creditor, the Bank is entitled to collect these late charges, even though the Debtors filed for bankruptcy relief. *See: In re LHD Realty Corp.*, 726 F.2d 327 (7th Cir.1984).

In addition to the late fees of $32,606.47, the Bank seeks to add an additional sum for attorney's fees in the amount of $14,913.45. This amount increased from the sum of $8,000, which the Bank argued was due at hearing on August 8, 2003. In this regard, the Court has carefully reviewed the fee itemization submitted by attorneys for the Bank to determine if the fees sought are reasonable as required under the provisions of 11 U.S.C. § 506

and the cases cited by the parties interpreting that section. Although there is no doubt that attorneys for Creditor, Old National Bank, were required to spend a significant amount of time on this case, the Court is unable to conclude that an increase in fees from the $8,000 argued at hearing on this matter to $14,913.45 now requested is justified by the documentation or the circumstances of this case. A thorough review of the documentation submitted by attorneys for the Bank and the record of this proceeding lead the Court to conclude that a reasonable attorney fee for the Bank's attorney should not exceed the sum of $10,000.

Based upon the Court's review of the matters before it, it finds that the claim of Old National Bank shall include the principal and interest due on the date of Debtors' Chapter 12 bankruptcy filing in the amount of $641,817.08, plus late fees in the amount of $32,606.47, together with attorney's fees in the amount of $10,000, for a total claim of $684,423.55, to be amortized over the period of 30 years at the rate of 6.83% per annum.

### ORDER

For the reasons set forth in an Opinion entered on the 19th day of August 2003;

IT IS HEREBY ORDERED that:

A. The Petition for Order Declaring Payment Amount filed by Creditor, Old National Bank, on June 24, 2003, is *ALLOWED*; and,

B. The claim of Creditor, Old National Bank, shall be the sum of $684,423.55, to be amortized over 30 years at the rate of 6.83% per annum.